### H. R. H. LILIUOKALANI *et al. vs.* PANG SAM *et al.*

APPEAL FROM COMMISSIONERS OF WATER RIGHTS FOR THE DISTRICT OF HONOLULU.

JULY TERM, 1883.

JUDD, C. J., and AUSTIN, J.    McCULLY, J., absent.

The Commissioners of Water Rights for the District of Honolulu having found that a certain dam in the "Kamoiliili" stream, called "Kikiakoi," supplied water to the land of the appellant Pang Sam, and that a former owner of the springs and land had built such dam, and merely changed the location of the irrigating canal, and that the springs and land were still under the same ownership, and having decided upon these facts that the Kikiakoi dam was not entitled to water from said stream; such decision held to be erroneous.

The Commissioners having also decided that the land of the other appellants was entitled to water from the said stream for two hours per day only; such decision held to be erroneous, and both decisions modified.

OPINION OF THE COURT BY JUDD, C. J.

This is an appeal from a decision of the Commissioners of Water Rights for the District of Honolulu, rendered July 9th.

It is an extremely puzzling case. The Commissioners have taken patiently a great deal of testimony, and have come to a carefully considered opinion. Its effect is, however, apparently ruinous to the two appellants J. Moanauli and Pang Sam.

All the steady supply of water in this stream of Kamoiliili comes from the "Kanewai springs," in land the property of the Estate of the late Ruth Keelikolani. This water is divided below the springs, and a part of the water flows in the Kaluaolohe stream and a part in the Kamoiliili stream. About all the kalo and rice culture of Waikiki mauka, waena and kai, is supplied with water from these sources.

It seems to be generally admitted that the plaintiffs and other owners makai are entitled to the water during the day.

The first dam in the Kamoiliili stream is called "Kikiakoi."

It supplies the land held by Pang Sam.   This land was previously watered from the Kaluaolohe stream, and this dam was built in 1866 by Kamehameha V, who then owned these Kanewai springs and the Kikiakoi land, and he merely changed the location of the irrigating canal.   The springs and the land of Kikiakoi are still under the same ownership.

The Commissioners find these facts to be true, and yet they decide that the Kikiakoi dam is not entitled to water from this stream.   We think this is error.   The change made in 1866 does not affect the rights of others, and it is not material to the other land owners whether the Kikiakoi land receives its supply of water from the Kaluaolohe or the Kamoiliili stream.

As to Mr. Moanauli, he leases the land of Kuilei belonging to the Sumners.   It consists of twenty-five acres, mainly kalo land, and is nearly all planted in kalo, the water for which is supplied from the Kamoiliili stream through an ancient watercourse starting at a dam called Waiaka.   The Commissioners decided that this land is entitled to water from 4 to 6 p. m. only.   This is manifestly insufficient.   For even if the stream should be full and the watercourse carry its full body of water, the water runs so sluggishly, owing to the level nature of the ground through which this watercourse is dug, that two hours is not sufficient time in which to allow the water to spread itself out and flow from one patch to the other and supply the land.

One member of the Court visited this land on the 4th of August, and the kalo in nearly every part of the land was dying, showing that no part of it had had sufficient water for some weeks past.

One great difficulty in the case is that all the persons who have rights of irrigation from the Kamoiliili stream are not parties to this case, and though the Commissioners have jurisdiction under the law to make such decisions as shall appear to them "just and equitable," it would be difficult to do justice unless all whose rights are affected are before the Court and subject to its jurisdiction.

There is considerable testimony to the effect that the " Olowai" or a constant small flow (as much as will run in the ditch while the gate of the dam is open) was accustomed to run in the " Wiaaka" ditch during the day to the land of Kuilei, and then at

night the whole stream (or as much of it, we presume, as the ditch would carry) was turned into the ditch, and the water ran until the kalo land was filled. The Commissioners found that the right to this " Olowai " was in its inception a permissive one. It may afterwards have become an adverse use, and have been thus used for over twenty years. A good deal of testimony points to this. We were struck with a remark made at the hearing by the counsel for the plaintiffs, that since the adjudication the plaintiffs, and those having water rights makai and using the water by day, had an abundance of water. As this is a season of rather unusual drought, it would indicate that by the force of the decision more water runs makai to the plaintiffs' and others' lands than was accustomed to run there. We think, upon a review of the testimony and an inspection of the *locus in quo*, that the decision of the Commissioners must be modified as follows :

(1.) The dam at Kikiakoi must be allowed to take water from the Kamoiliili stream, even if this compels the taking of a correspondingly larger supply of water from the Kanewai springs.

(2.) The Olowai must be allowed to run as heretofore in the Waiaka ditch to Kuilei.

(3.) The use of the water at night must be distributed as follows :

> Kikiakoi, 1-6, from  4 to  6 p. m.
> Waiaka,  1-6, from  6 to  8 p. m.
> Ono,    1-6, from  8 to 10 p. m.
> Paakea,  1-4, from 10 to  1 p. m.
> Kamoku  1-4, from  1 to  4 p. m.

In other respects the decision of the Commissioners must stand.

*J. L. Kaulukou*, for petitioners.

*C. Brown* and *G. W. Pilipo*, for J. Moanauli.

*W. R. Castle*, for Pang Sam and Goo Kim.

Honolulu, August 14, 1883.