WAILUKU SUGAR COMPANY *v.* SOLOMON HALE.

APPEAL FROM COMMISSIONER OF PRIVATE WAYS AND WATER
RIGHTS OF THE DISTRICT OF WAILUKU, MAUI.

SUBMITTED JUNE 20, 1898.          DECIDED JULY 19, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A party to be entitled to apply to a Commissioner of Water Rights
must be "interested" in the controversy respecting a water right,
and this interest may be shown by proof of possession under
claim of title of the land to which the alleged water right is appur-
tenant.

Where land has a water right, the obstructing of the conduit through
which the water is entitled to flow on to the land is a "controversy
respecting water rights" within the meaning of Section 3 of
Chapter 26 of the Session Laws of 1888.

OPINION OF THE COURT BY JUDD, C.J.

This is an appeal taken in November, 1897, from the Com-
missioner of Private Ways and Water Rights of the District
of Wailuku, Maui. The Commissioner's decision is as follows
(translated into English from the original Hawaiian): "Where-
as this court finds from the evidence produced by the plaintiff
that the land of Kauakahi in Waihee, District of Wailuku, has
a water right, to wit, the land now held by the Wailuku Sugar
Company, which is now litigated before this Court and that this
water right comes from (or through) the land of Anakalea which
Solomon Hale now holds and it has been obstructed or inter-
fered with (keakea ia) by Solomon Hale by his denying that
the land of Kauakahi now held by the Wailuku Sugar Company

has a water right from (or through) his land, I therefore decide and order that Solomon Hale do open (or release) the said water and the ditch so that the water may run as anciently, daily, into the land of Kauakahi now held by the Wailuku Sugar Company uncontested." The Commissioner divided the costs.

Counsel for the defendant urged on appeal before us that the case should be dismissed (1) for want of jurisdiction of the Commissioner as it appears to be a petition for the opening of a right of way of plaintiff's water through defendant's land and not a dispute as to any water, and (2) because plaintiff has failed to prove his title to the land to which the water is appurtenant. And if not dismissed, the case should be sent back to the Commissioner for further proceedings and testimony, since the allegations in the complaint are not definite, the issue before the Commissioner uncertain and his decision vague.

Upon a careful study of the record sent up, we find that both plaintiff and defendant were in possession of kuleanas of kalo land in Waihee entitled to water from the main stream of Waihee called "Eleile." There is a constant flow of water from this stream (necessarily through ditches) to the kalo land. The use of this water is not distributed among its users by time of use. The land of plaintiff adjoins the land of defendant and is at a lower level, and the water was accustomed to flow through defendant's kalo patch to the kalo land now held by plaintiff. That plaintiff's land was so watered when cultivated in kalo by its former owner is testified to and is also evidenced by the fact that if a ditch should be made leading around defendant's land it would deliver the water at too low a level to flow on the plaintiff's land. Kalo patches watered from the same source are generally constructed in terraces one below the other, so that the water after filling the upper patches can supply those lower. It is not disputed by plaintiff that defendant is entitled to have his kalo patches first supplied, but defendant refuses to allow the water to pass through and beyond his own land to plaintiff's. The object of this suit is to compel defendant to allow the water to so run. We think that this is a controversy respecting water

rights and that the Commissioner had jurisdiction of the same. See *Liliuokalani v. Pang Sam,* 5 Haw. 13; *Loo Chit Sam v. Wong Kim, id.* 130; *J. O. Davis v. Afong, id.* 216.

The plaintiff proved that the land in question was occupied by itself and planted in sugar cane. That the proofs show that plaintiff was in actual and undisturbed possession under color of title is undisputed. This is all that is essential to entitle a party to bring a petition as a party "interested."

The appeal is dismissed and judgment affirmed.

*Kinney & Ballou* for plaintiff.

*A. G. M. Robertson* for defendant.